JS-6

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA REISFELT on behalf of herself and all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>TOPCO ASSOCIATES, LLC, a Delaware Limited Liability Company, and<br>DOES 1 through 25, inclusive,<br><br>        Defendants. | Case No. 8:20-cv-01283-JWH-ADSx<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. No. 14]** |

# I.  <u>INTRODUCTION</u>

On June 8, 2020, Plaintiff Theresa Reisfelt filed this putative class action in Orange County Superior Court.[1]  On July 17, 2020, Defendant Topco Associates, LLC removed the case to federal court, citing federal question and diversity jurisdiction.[2]  On August 28, 2020, Reisfelt filed a motion to remand this case to state court.[3]  For the reasons stated below, the Court **GRANTS** the Motion.

# II.  <u>LEGAL STANDARD</u>

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  A district court has original jurisdiction of all civil actions where the parties are completely diverse and the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Evidence establishing the amount in controversy is necessary only "when the plaintiff contests, or the court questions, the defendant's allegation."  *See id.*

District courts also have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists

---

[1]    Notice of Removal, Ex. A (the "<u>Complaint</u>") [Dkt. No. 1-1].
[2]    Notice of Removal [Dkt. No. 1].
[3]    Pl.'s Mot. to Remand (the "<u>Motion</u>") [Dkt. No. 14].

only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First National Bank*, 299 U.S. 109, 112–113 (1936)). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* In certain cases, however, "federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005). Such state-law claims implicate federal question jurisdiction when they "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). The value may be established by the "losses that will follow" the granting of the requested injunctive relief. *See id.* However, in class actions brought in federal court based on diversity jurisdiction and "asserting the 'separate and distinct' claims of class members, as opposed to claims that are the 'common and undivided' right of the class, the defendant's-viewpoint approach" to establishing the amount in controversy is inappropriate. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 859 (9th Cir. 2001). Rather, "each member of the class must have a claim" exceeding the amount in controversy. *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977).

## III.  ANALYSIS

### A.  Federal Question Jurisdiction

In *Grable*, the Supreme Court explained that "[a]s early as 1912, this Court had confined federal-question jurisdiction over state-law claims to those

1  that 'really and substantially involv[e] a dispute or controversy respecting the

2  validity, construction or effect of [federal] law.'" *Grable*, 545 U.S. at 313

3  (quoting *Shulthis v. McDougal*, 225 U.S. 561, 569 (1912)).  Accordingly, "federal

4  jurisdiction demands not only a contested federal issue, but a substantial one,

5  indicating a serious federal interest in claiming the advantages thought to be

6  inherent in a federal forum." *Id.*

7         The Court finds no such substantial federal question here.  Reisfelt asserts

8  only state law claims.  Although these state law claims "borrow" from other

9  statutes, including federal statutes, this point alone is not sufficient to confer

10  federal question jurisdiction.  Critically, the Supreme Court has held that "a

11  complaint alleging a violation of a federal statute as an element of a state cause of

12  action, when Congress has determined that there should be no private, federal

13  cause of action for the violation, does not state a claim 'arising under the

14  Constitution, laws, or treaties of the United States.'"  *Merrell Dow Pharm. Inc. v.*

15  *Thompson*, 478 U.S. 804, 817 (1986).  In the instant case, the parties do not

16  dispute that the predicate federal act—the Federal Food, Drug, and Cosmetic

17  Act (the "FDCA")—does not provide a private case of action.  The FDCA is

18  the same act that was at issue in *Merrell*.  *Id.*  Accordingly, the Court does not

19  have federal question subject matter jurisdiction.

20  **B.    Diversity Jurisdiction**

21         Alternatively, Topco argues that the Court has diversity jurisdiction.  To

22  establish diversity jurisdiction, the removing party must show (1) that the parties

23  are completely diverse; and (2) that the amount in controversy requirement of

24  $75,000 is adequately alleged.  *See* 28 U.S.C. § 1332(a).  Reisfelt bases her

25  Motion on Topco's failure to meet the amount in controversy requirement in its

26  Notice of Removal.  In its papers in opposition to the Motion, Topco included a

27  Declaration from one of its employees, Greg Lenski.  The testimony that

28

Mr. Lenski provides, however, still fails to establish that this case meets the amount in controversy requirement.[4]

In her Complaint, Reisfelt alleges that Topco violates "slack-fill" rules in the FDCA; Reisfelt claims that Topco underfills its boxes of popcorn. According to Reisfelt, Topco fills the boxes that it sells with only three bags of popcorn, but those boxes could easily fit four bags of popcorn.[5]  In addition to an injunction, Reisfelt seeks restitution and an award of attorneys' fees and costs.[6] Lenski testifies that Topco sold $211,000 of the subject popcorn in California from July 2019 to June 2020.[7]  Further, Topco states that it has made profits of $7,400 annually from the sale of the popcorn, although Lenski does not expressly state that this is profit solely from California sales.[8]  Lenski further declares that changing the dimensions of the popcorn boxes would lead to changeover and increased carton costs of roughly $77,000.[9]  Further, if Topco added another bag of popcorn to the boxes, then it would incur costs just barely more than $75,000.[10]  Lenski also states that Topco would lose revenues from the injunction because the changes requested would not "make commercial sense."[11]

Regardless of whether the Court accepts the facts in Lenski's declaration as true, Topco still fails to meet the amount in controversy requirement.  In a diversity case such as this, the Court may not "allocate the cost to [defendant]

---

[4]     Suppl. Decl. of Greg Lenski in Supp. of Opp'n to Motion ("Lenski Decl.") [Dkt. No. 18-1].
[5]     *See* Complaint at ¶¶ 1 & 2.
[6]     *See id.* at ¶¶ 1 & 2 and 12:16-28.
[7]     Lenski Decl. ¶ 5.
[8]     *Id.* at ¶ 6.
[9]     *Id.* at ¶ 7.
[10]    *Id.* at ¶¶ 8-9.
[11]    *Id.* at ¶ 10.

of providing the requested injunctive relief to" the class to a single plaintiff. *Kanter*, 265 F.3d at 858. This conclusion is compelled by *Snow v. Ford Motor Co.*, 561 F.2d 787 (9th Cir. 1977). There, the plaintiff, on behalf of himself and others similarly situated, alleged that Ford sold trailering packages that were incomplete because "they did not contain a wiring kit for the connection of the trailer's electrical system to that of the towing vehicle." *Id.* at 788. The named plaintiff "sought, on behalf of a class, actual damages of $11.00 per class member, punitive damages, and an order 'enjoin[ing] Ford from continuing to sell'" the trailering packages without a wiring kit. *Kanter*, 265 F.3d at 858–59 (discussing *Snow*).

Ford removed the case to federal court based upon diversity jurisdiction, arguing that it "satisfied the amount-in-controversy requirement because the cost to Ford of complying with the injunction would exceed" the jurisdictional amount. *Id.* The Ninth Circuit held that "[t]he right asserted by plaintiffs is the right of individual future consumers to be protected from Ford's allegedly deceptive advertising which is said to injure them in the amount of $11.00 each," an amount far below the amount in controversy requirement. *Snow*, 561 F.2d at 790–91.

The same reasoning applies here. The right that Reisfelt asserts is the "right of individual future consumers" to be protected from the allegedly misleading packaging of Topco's popcorn. Reisfelt alleges that she purchased Organic Light Butter, Organic Butter, and Organic Salted Full Circle Market™ popcorn.[12] Each box of popcorn contained one less bag than she apparently expected.[13] Whatever the value of three bags of popcorn, there can be no doubt that it is less than $75,000. The attempt to meet the amount in controversy

---

[12]   Complaint at ¶ 3.
[13]   *See id.*

requirement by valuing the cost to Topco of complying with the requested injunction is foreclosed by *Kanter* and *Snow*.  Accordingly, Topco has not established that this Court has diversity jurisdiction.

### IV.  CONCLUSION

For the foregoing reasons, the court hereby **GRANTS** Reisfelt's Motion. This case is remanded to the Orange County Superior Court.

**IT IS SO ORDERED.**

Dated:  November 16, 2020

John W. Holcomb
UNITED STATES DISTRICT JUDGE